**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sarah Rosenberg, individually and on behalf of all others similarly situated, Plaintiff, -v.- Convergent Outsourcing, Inc., Cavalry SPV I, LLC, Defendants. | Case No.: 1:22-cv-1078 **CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff Sarah Rosenberg brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Convergent Outsourcing, Inc. ("Convergent") and Cavalry SPV I, LLC ("Cavalry") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York.

8. Defendant Convergent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA,

9. Convergent has a service address at C T Corporation System, 28 Liberty Street, New York, NY, 10005.

10. Upon information and belief, Defendant Convergent is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

11. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA,

12. Cavalry has a service address at C T Corporation System, 28 Liberty Street, New York, NY, 10005.

13. Upon information and belief, Defendant Cavalry is a company that uses the mail and telephone regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Convergent sent a collection letter;

   c. on behalf of Defendant Cavalry;

   d. attempting to collect a consumer debt;

   e. that states a total amount owed;

   f. which is different than the amount listed as the balance at charge-off;

   g. which also states that

      1. no payments or credits have been made since charge-off; or

      2. no interest and no fees have been added since charge-off; and

   h. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any

    questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to September 11, 2021, Plaintiff allegedly incurred one or more obligation to non-party Citibank N.A. ("Citibank").

25. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

26. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. Upon information and belief, through one or more transactions, Defendant Cavalry became the owner of the right to collect the alleged debt.

29. Defendant Cavalry collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. Upon information and belief, Cavalry contracted with Defendant Convergent to collect the alleged debt.

31. Defendant Convergent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violations – September 11, 2021 Collection Letter*</u>

32. Defendants sent Plaintiff a collection letter on or about September 11, 2021 ("Letter") regarding the alleged debt.  See Letter attached as Exhibit A.

33. The Letter states that the "Total Amount Owed" is $765.91.

34. The Letter also states:

    Total amount of debt due as of charge-off:  $775.40
    Total amount of interest accrued since charge off: $0.00
    Total amount of non-interest charges or fees accrued since charge off: $0.00
    Total amount of payments made on debt since charge off: $0.00

35. These amounts are nonsensical.

36. These amounts are contradictory.

37. If the debt was $775.40 at charge-off and nothing was paid, then it cannot currently be $765.91.

38. If the debt was is now $765.91, then some amount of the debt has been removed since charge-off.

39. But Defendants Letter says that $0.00 has been made in payments during that time.

40. As it appears from the Letter, Defendants are attempting to collect a nonsensical and mathematically incorrect debt.

41. Defendants are improperly claiming an incorrect balance owed on an alleged debt.

42. The amounts listed do not add up and therefore do not make sense.

43. Nor does the Letter note that the balance may change.

44. Nor does the Letter explain why the balance has changed.

45. No reason is given for why these mysterious charges have been impacted the account.

46. Because of the conflicting amounts due, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

47. This letter leaves open the possibility that this mysterious, unnamed, unlisted credit, payment, charge or charges could be added back, or that additional changes for the same or a different amount could be added for the same reason – whatever it was – that this mysterious change appeared in the first place.

48. Because of the lack of any information foreclosing this possibility, plaintiff does not know if the amount of her obligation is static or dynamic.

49. Plaintiff has therefore been misled as to whether paying the listed balance will close the account, or whether another charge might impact the debt, so that more than the current balance would be needed to close the account.

50. Or that if she paid the amount listed, she would be overpaying as the debt was decreasing over time.

51. Defendants are required to advise the Plaintiff what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest, or other additions, that will cause the balance to increase.

52. The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was changing.

53. If Plaintiff pays the allegedly "Total Amount Owed" as stated on the letter, she does not know whether the debt has been paid in full.

54. Defendants could change the balance again.

55. Or Defendants could sell the Plaintiff's debt to yet another third party, which itself could change the balance again, or add back in whatever amounts have mysteriously disappeared.

56. The FDCPA requires debt collectors, when they notify consumers of their account balance to disclose that the balance may increase due to interest and fees, or other charges.

57. Alternatively, in light of the amounts stated in the letter and the implication that additional charges could be accruing (or added back in), then if, in fact, no additional amounts are accruing, Defendants must so state.

58. Without such a statement the Letter is deceptive, misleading, and unfair.

59. The letter materially misled Plaintiff because when faced with two equal-amount debts, one of which is getting smaller (dynamic) and one of which will never get smaller (static), Plaintiff would pay the static debt first.

60. Defendants cannot imply or suggest that there may be additional charges or reductions when in fact there will not be additional charges or reductions.

61. That false advice could incentivize Plaintiff to pay the debt, or not pay the debt, at a time when, if accurately advised, she would do the opposite.

62. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

63. Plaintiff does not know why the mysterious reduction was removed nor whether it might be added again after some period of time if the debt remained unpaid.

64. The letter is therefore deceptive.

65. Plaintiff was misled by this as the total balance had one amount whereas the charge-off had a different amount, with all potential interim amounts listed as zero.

66. The Letter is therefore false, deceptive, misleading, and unfair.

67. Because of the conflicting amounts due, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

68. Plaintiff is unable to evaluate how much is truly being alleged as the correct balance.

69. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

70. Plaintiff was therefore unable to make payment on the debt.

71. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

72. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt.

73. Defendants' conduct prevented Plaintiff from acting in the way she would have otherwise acted had Defendants' letter not been improper.

74. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter itself demanding payment did not make sense.

75. Defendants' actions caused Plaintiff to suspect there was fraud involved with this collection.

76. Because of Defendants' improper acts, Plaintiff expended time and money in determining the proper course of action.

77. She spent this trying to determine how much the alleged debt was in reality.

78. She spent this trying to determine from which component parts this debt was comprised.

79. She spent this trying to determine how this debt came to be the alleged balance despite conflicting information in the Letter.

80. She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

81. During this time, and because of this, Plaintiff suffered emotional harm due to Defendants' improper acts.

82. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, suspecting a fraudulent collection.

83. Plaintiff suffered from fear, anxiety, stress, increased heartrate, increased heartrate, and difficulty with sleep, as it appeared that someone was coming after her collecting on a perhaps incorrect debt.

84. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter seemed to be collecting on a nonsensical debt.

85. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter did not make sense on its face.

86. Plaintiff disputes the amount of this alleged debt.

87. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

88. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

89. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

90. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

91. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

92. Defendants failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

93. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

94. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

95. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

96. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

97. As described above, Plaintiff was misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

98. As described above, Plaintiff would have pursued a different course of action were it not for Defendants' violations.

99. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

100. Plaintiff repeats the above allegations as if set forth here.

101. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

102. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

103. Defendants violated said section as described above by making a false, deceptive, and misleading representation and falsely representing the character and amount of the alleged debt, and failing to failing to note the balance was changing, in violation of §§ 1692e, 1692e (2), and 1692e (10).

104. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

105. Plaintiff repeats the above allegations as if set forth here.

106. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

107. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

108. Defendants violated this section, as described above, by making false or misleading representations.

109. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

110. Plaintiff repeats the above allegations as if set forth here.

111. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

112. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must state the amount of the debt.

113. Defendants violated this section by failing to provide the amount of the debt, and overshadowing, confusing, misrepresenting, and/or or clouding the amounts stated, in violation of § 1692g (a)(1).

114. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

115. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sarah Rosenberg, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 28, 2022                                      Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 600
Hackensack, New Jersey 07061
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*